DAVISON v. HARRIS.

Opinion delivered October 13, 1924.

EVIDENCE—RES INTER ALIOS ACTA.—In an action for the price of coal delivered, where the defense was that the coal was sold at prices to be determined from time to time according to the market, and that defendant had notified plaintiffs of a reduction in price, evidence that plaintiffs bought some of the coal from a third person to supply defendant at a price which exceeded the reduced price offered by defendant and that defendant had likewise bought coal from such person, for which he had never paid, was incompetent and prejudicial.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; reversed.

*Geo. W. Dodd* and *A. M. Dobbs,* for appellant.

The court erred in admitting the testimony of C. R. Harris and Mr. McCoy as to the purchase of coal from Kregger & Brannon. The testimony was incompetent, irrelevant and prejudicial. 140 Ark. 408; 67 Ark. 112. When incompetent evidence is introduced, prejudice is presumed, and the burden is upon the party introducing it to show no prejudice resulted. 77 Ark. 431; 89 Ark. 556; 105 Ark. 205. Incompetent evidence tending to strengthen a case is necessarily prejudicial. 108 Ark. 387.

*Geo. W. Johnson,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellees against appellant to recover a balance of $1,757.23, alleged to be due on the price of coal sold under contract in carload lots by appellees to appellant. Appellant pleaded full payment of the price of the coal as per contract, and also pleaded accord and satisfaction. A trial of the cause resulted in a verdict in favor of appellees for the recovery of $850, and an appeal has been prosecuted from the judgment.

Appellees alleged in their complaint, and proved at the trial, that appellant entered into an oral contract with them whereby he agreed to purchase all of the output of a coal mine by appellees near Midland, Arkansas, at the price of $4.50 per ton f. o. b. cars at the mine, "until

notified by the defendant to stop the mining of coal.'' This contract was entered into, according to the testimony, on August 25, 1922, and appellees furnished coal under the contract from time to time from that date until October 11, 1922, after which date no further deliveries were made. This action is to recover the price of coal delivered at $4.50 per ton.

Appellant claims that he contracted for the coal at prices to be determined from time to time according to the market, and that he notified appellees by letter dated September 1, 1922, that the price thereafter would be $3.75 per ton. The controversy relates to the amount to be paid after the date of this letter, but appellees contend, and attempted to prove by their testimony, that they did not receive this letter, nor did they receive any other notice of the reduction in the price of coal until after the delivery of the cars in controversy.

Testimony adduced by appellant tended to establish the fact that, when the controversy finally arose, a check was tendered to appellees in full settlement, according to the contention of appellees, concerning the price, and that the check was accepted by appellees in full settlement.

Appellees were permitted to prove by the testimony of one of them, over the objection of appellant, that several of the cars of coal delivered to appellant were purchased by appellees from Kregger & Brannon, the operators of an adjacent mine, and also were permitted to prove, over appellant's objection, that they paid Kregger & Brannon $4.25 per ton for this coal. Appellees were also permitted to prove, over appellant's objection, by Ed McCoy, the bookkeeper for Kregger & Brannon, that the latter concern had also sold several cars of coal to appellant and had had trouble in getting a settlement; that, in fact, they had never been able to obtain settlement from appellant. Exceptions were duly saved to each of these rulings, and they are now assigned as error.

We are of the opinion that the court erred in admitting this testimony, for it related entirely to transac-

tions between parties other than appellant. These transactions had no relation whatever to the transactions between appellees and appellant, and, for that reason, the testimony was incompetent. *Hamburg Bank* v. *George,* 92 Ark. 472.

The error was prejudicial, for the controversy related solely to the price of the coal, and the jury may have been influenced by the fact that appellees paid more for coal delivered than appellant claimed was the reduced price according to the notice alleged to have been mailed to appellees. The fact that the jury allowed appellees only one-half of their claim indicates that they may have been influenced by evidence which induced them to allow more than the price claimed by appellant and less than the price claimed by appellees.

Counsel for appellees contend that the error was invited by testimony elicited by the latter's counsel in the cross-examination of one of the appellees, drawing out the fact that appellees had sold some of the coal from their mine to another party and had purchased coal from Kregger & Brannon to deliver in lieu of that sold to another party. We fail to find any such matter in the cross-examination, but, even if it so appeared, it did not invite an inquiry into the price paid by appellees to another party for the coal delivered. We find in the cross-examination some inquiry concerning a controversy about a carload of coal sold to one Caudle, and it was entirely proper and competent for appellant to inquire of the witness concerning their failure to furnish all of the output of the mine, and this did not constitute an invitation to appellees to go into the question of prices paid to other persons, nor did it justify appellees in proving by witness McCoy the difficulties of Kregger & Brannon in obtaining settlement from appellees for the coal they had sold to them. These errors call for a reversal of the judgment.

It is also contended that the evidence is not sufficient to sustain the verdict, but, inasmuch as there is to be another trial of the case, and the testimony may be dif-

ferent, we will not determine at this time the question of the sufficiency of the evidence.

There are other assignments of error with respect to the court's charge, but it is unnecessary to determine those questions at this time, as they are not vital, and the instructions may not be the same on another trial.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.