JERNIGAN, BANK COMMISSIONER *v.* BROWNE.

4-5257                                121 S. W. 2d 520

Opinion delivered November 21, 1938.

*Brooks Bradley*, for appellant.

*Clark & Clark*, for appellee.

SMITH, J. This is a suit upon a promissory note, executed by appellee to Faulkner County Bank & Trust

Company, on June 19, 1930, for $4,411.75. As collateral for this note there was pledged certain shares of capital stock of the Bank of Conway and of the Conway Compress Company. The Faulkner County Bank borrowed a large sum of money from the Bankers Trust Company of Little Rock, and pledged to it, with other securities, the above-mentioned note of appellee. Shortly thereafter the Faulkner County Bank was taken over by the State Bank Commissioner for liquidation, and the Bankers Trust Company began the collection of the notes held by it as collateral security to the Faulkner County Bank note. Three payments of $100 each were made on appellee's note in 1930.

Appellee was also indebted to the Bank of Conway, and to strengthen its note the Bank of Conway, on June 15, 1931, paid the Bankers Trust Company $3,500 for the release of the Bank of Conway and the compress stock. Before releasing said stock the Bankers Trust Company required appellee to assign to it the deposit of appellee in the Faulkner County Bank. By reason of said assignment dividends were paid to the said Bankers Trust Company and applied on appellee's note, which reduced the principal thereof to $430.01. The Bankers Trust Company was itself later taken over by the bank commissioner for liquidation, and that official has sued to collect this balance, with interest thereon.

Several interesting questions have been raised in the respective pleadings filed by the parties, which we find it unnecessary to consider, inasmuch as the question of appellee's present liability was decided by the jury's answer to the following question of fact: "Was the payment of $3,500, and the assignment of approximately $1,150 deposits in the Faulkner County Bank & Trust Company, insolvent, made by the defendants to the Bankers Trust Company, in full settlement of the $4,111.75 balance due on the note held by said Bankers Trust Company, or was said payment merely a partial payment, with the assignment, as collateral, for the balance due?"

The verdict of the jury imports the answer that the assignment was not as collateral, but in payment of the note.

For the reversal of the judgment pronounced upon this verdict it is insisted that the testimony is not sufficient to sustain the finding and verdict of the jury. The answer to this question is, in our opinion, decisive of this appeal.

In this connection, and upon that issue, it is insisted that a different verdict might and probably would have been returned had the court not refused to give, over appellant's objection and exception to that action, an instruction reading as follows: "You are instructed that whether the assignment is in payment or as collateral security is a question of intention depending upon the testimony in the case. In the absence of testimony tending to show an intention of tender for and receipt of as payment in whole or in part, the law presumes that it is only assigned as collateral. The burden of establishing the contrary rests upon the debtor. The circumstances that the assignment is absolute in form is of no consequence on the question of intention, because the assignment simply operates to transfer title."

We think no error was committed in refusing this instruction. It will be observed that the instruction declares the law to be that "The circumstances that the assignment is absolute in form *is of no consequence* on the question of intention, because the assignment simply operates to transfer title." Had the instruction read that the circumstance that the assignment was absolute in form "was not of controlling effect," instead of saying that it "is of no consequence," it would have been a correct instruction. In the form requested the instruction was a charge upon the weight to be given the evidence, and was erroneous for that reason. It was not a correct declaration of the law, for the reason that the jury had the right to consider the form of the assignment in determining the purpose of its execution.

Cases are cited by appellant to the effect that, in the absence of evidence tending to show an intention to pay and receive the securities assigned as satisfaction of the debt, in whole or in part, the law presumes that they were assigned only as collateral. But here there is no absence of evidence showing an intention to pay the note

4

by the assignment. On the contrary, evidence was offered to that effect, which the jury has accepted as true. It was also competent to show that the assignment was intended only to transfer title so that the proceeds of the collateral might be applied, not as payment of the note, but as credits thereon, and much testimony was offered to that effect, but the jury found to the contrary.

It is also insisted that the jury might and probably would have made a different finding of fact had the court not erroneously excluded a letter from C. E. Crossland, of the Bankers Trust Company, to George Shaw, of the Bank of Conway. This was a transmittal letter from the one bank to the other, in which the assignment of the deposit and of the compress stock was referred to as collateral. But this letter was not written to nor received by appellee. The rule, *res inter alios acta,* renders it immaterial against appellee. *Royal Neighbors of America* v. *McCullar,* 144 Ark. 447, 222 S. W. 708; *Davison* v. *Harris,* 165 Ark. 518, 265 S. W. 67.

There was much testimony to the effect that the assignment was by way of collateral, and not as payment. The preponderance of the testimony appears to be to that effect. One of the strongest circumstances having that effect is a letter written a short time before the institution of this suit, in which appellee proposed a settlement pursuant to prior negotiations, and no contention was there made that the note had been previously paid. Appellee offered the explanation, however, that he thought the transaction had long been closed by payment. as it was then six years old, but when a liability of about nine hundred dollars, including interest, was asserted against him, he proposed to pay about four hundred dollars by way of compromise, and that he did this because he thought a suit would impair his credit, and that he could better afford to pay four hundred dollars than to be sued. This explanation that his letter was not intended to be an admission of liability and was merely an offer of compromise was, of course, a question of fact for the jury. Appellee testified as follows: He did not owe the Bankers Trust Company anything, but he made Mr. Crossland of that bank a proposition which was first

declined, but later accepted, to the effect that "If I could get hold of $3,500 and give it to him and assign the deposit in the Faulkner County Bank, we would settle on that basis," and that later he was notified by the Bank of Conway that if he would assign certain compress stocks and certain Bank of Conway stock, the Bank of Conway would loan him the $3,500 necessary to make good his proposal to the Bankers Trust Company, and that the Bankers Trust Company would settle for said payment and the assignment of the deposit in the Faulkner County Bank, and that without further negotiations the Bankers Trust Company sent up an assignment to him to execute in accordance with his proposal. The matter was closed on this basis, and he considered the note paid in full, and that thereafter he had no interest in the dividends paid on his deposits with the Faulkner County Bank, the dividends on the deposits being paid to the Bankers Trust Company.

In explaining this transaction Mr. Shaw, of the Bank of Conway, testified that "We worked out a two or three way deal."

The fact that appellee did not demand or receive his note here sued on upon its alleged payment is a strong circumstance tending to discredit his version of the transaction; but we cannot say that it is conclusive of the question. It was a circumstance to be weighed and considered by the jury in connection with other testimony offered at the trial.

Upon the whole case we are unable to say that the verdict of the jury finding that the note was paid is without sufficient testimony to support that finding. The judgment must, therefore, be affirmed, and it is so ordered.