HARRISON *v.* MOBLEY.

4-8700                                             217 S. W. 2d 242

Opinion delivered January 24, 1949.

Rehearing denied February 21, 1949.

*H. R. Partlow* and *W. W. Bandy,* for appellant.

*Marcus Fietz* and *E. G. Ward,* for appellee.

SMITH, J.   This is the second appeal of this case. The opinion on the former appeal appears in 211 Ark. 772, 202 S. W. 2d 756.   The suit was begun as an action in ejectment. The cause was transferred to equity where, by numerous subsequent pleadings, the issues were enlarged, and on final submission each party was asking that his own title be quieted and that the title of the other be canceled.

The land in question was sold to the State for the nonpayment of the general taxes for the year 1938 due thereon, and this sale was confirmed.   But within a year of the date of confirmation, appellant Harrison sought to redeem from the sale, which had been confirmed, and he was accorded that right by the clerk of the court.   His right to redeem was one of the principal questions involved on the former appeal, but we upheld his right to do so.   Harrison was in possession under a contract of purchase executed in 1927, which he had totally failed to perform, and while we held that his grantor had the right under the contract to declare it forfeited, we held that right had not been exercised.

The original title to the land was in the New England Securities Company, which company had conveyed the title to a partnership composed of employees of the New England Company operating as Southern Savings Circle D.   Both parties claim title through deeds from this Circle D.   The court found that the deed to appellant executed in the name of Circle D had been executed by persons lacking that authority, and that Mobley had acquired Circle D's title.

The decree from which the first appeal came quieted the title of appellee, Mrs. Mobley, but it was reversed and the cause remanded with directions to adjudge what title Harrison now has under his contract of purchase and his possession thereunder, which began in 1927 and continued without interruption to the date of the second decree, from which is this appeal.

No testimony was taken upon the remand of the first decree, although the court accorded that right to

both parties. The court did, however, enjoin Mrs. Mobley from interfering with Harrison's possession "until further orders of the court".

On March 27, 1948, an order was made upon the finding that all costs had been paid to date, permitting Harrison to dismiss his cross-complaint. He thereafter filed a demurrer to the jurisdiction of the court to further hear any matter regarding the present title to the land in litigation. This was on the theory that when the cross-complaint was dismissed there was nothing before the court for adjudication.

On May 7, 1948, the decree was rendered from which is this appeal, quieting appellee's title to the land. This decree contained the following recitals.

"After said mandate was filed the court gave each party an opportunity to make any additional proof that might be necessary under the direction and instructions contained in said mandate. Whereupon the defendant filed a demurrer to the jurisdiction of this court to further proceed under the directions and mandate of the supreme court, which demurrer was denied and over-ruled by the court. The defendant then filed a motion for a non-suit as to his cross-complaint, which motion was granted by the court. Whereupon the plaintiff announced that she had no further proof to offer on the issues presented under the mandate from the supreme court and the defendant announced that he had no further proof on said issues and after hearing argument by the counsel for the plaintiff and by the counsel for the defendant the court doth find from the mandate of the supreme court filed in this cause and from the record of the original trial of this cause that the supreme court did reverse the decree of this court, which was entered in this cause on the 10th day of May, 1946 and did remand this cause back to this court with directions to adjudge what title the appellant, G. T. Harrison, now had under his original contract of purchase from Circle 'D'."

The demurrer filed by Harrison was overruled, and we think properly so. The former opinion held that

appellee, Mrs. Mobley, had the apparent title to the land, subject only to such rights as appellant Harrison had acquired through his contract of purchase and his possession thereunder. Appellant elected to question the jurisdiction of the court, rather than to develop his rights by possession or otherwise, whereupon the decree was rendered quieting Mrs. Mobley's title and awarding her the right of possession.

The decree further recites: "After the court had announced its decision and judgment on the mandate, the defendant G. T. Harrison, filed a pleading upon the statutes of limitations to any relief given the plaintiff under her deed to the lands herein involved. The court refused to consider such pleading and announced that it was not filed in time and could not be considered as a part of this cause."

It was a matter within the discretion of the court under the facts of the case to re-open the case and permit the introduction of testimony which Harrison had declined to offer, and we are unable to say that the court abused its discretion in this respect.

The decree must be affirmed and it is so ordered, with modification as to costs. The decree from which is this appeal adjudged all costs against appellant. But on the first appeal the costs of that appeal were adjudged in the mandate against appellee, Mobley, and that adjudication has long since become final, and it was error to adjudge the costs of the first appeal against appellant, Harrison. The decree from which the present appeal comes will therefore be modified to the extent of adjudging all costs against appellant, except the costs of the first appeal.