BREWER *v.* THOMASON.

4-8807                                                  219 S. W. 2d 758

Opinion delivered April 25, 1949.

*Buzbee, Harrison & Wright,* for appellant.

*Kenneth C. Coffelt,* for appellee.

ROBINS, J.   Appellant asks us to reverse judgment against him, in favor of appellee, based on jury verdict for $10,000, for damage sustained by appellee as a result of crash of one of appellant's airplanes in which appellee was riding on December 14, 1947.

There is very little dispute as to the fact situation. Appellant for some time had been operating at Benton an airport under the trade name of "Benton Flying Service." Here he rented out airplanes and gave instructions in flying. Among other students were ex-soldiers learning to operate a plane as a part of the veterans training program. For these the government provided the use of one of appellant's planes and paid appellant tuition for the flight instructions.

One of the veterans receiving such training was Vernon Fulcher, a young man who was working for the Reynolds Manufacturing Company at its nearby plant.

Fulcher had been taking such training for several months and had about 75 hours flying time. He had received a private pilot's license and was legally authorized to take up passengers, but was not allowed to do so on the flying time paid for by the government.

On the day of the crash Fulcher came to the flying field with appellee, his friend and neighbor, and asked for a plane in which to take up appellee. Appellant told him he could rent a plane, but that he, Fulcher, would be required to pay for it, as the government had issued an order refusing to pay for the use of a plane under

such circumstances. To this Fulcher agreed after some hesitation.

Thereupon appellant sent one of his instructors out to crank up the plane, which had already been flown four or five hours that morning. Appellee embarked in the plane with Fulcher and they flew over Benton twice at an altitude of about 2,000 feet, then flew toward their own neighborhood nearby, where the plane was brought down very low so they could identify their homes. According to appellee's account the motor "went dead" and the plane "nosed over" and crashed into a house. Fulcher was killed in the crash and appellee suffered severe injuries.

When the suit was originally brought, liability on the part of appellant was asserted by appellee on the ground that Fulcher was a student of and under instruction and supervision of appellant, and that Fulcher flew the plane in a negligent manner. While the court submitted this theory to the jury it is frankly admitted here by appellee that there was no evidence on which this theory of liability could be based. By an amendment made a short time before the trial appellee predicated liability of appellant on the ground that appellant was negligent in that the motor of the plane which appellant furnished Fulcher was defective and would not operate normally, and that because thereof the plane fell. And this ground—that appellant was bailor of the plane and as such was negligent in hiring to Fulcher a plane not in good flying order is solely relied on here by appellee to sustain the judgment.

Now there is no evidence whatever, save the bare statement of appellee that the motor failed as Fulcher was turning at a very low altitude, from which an inference of bad condition of the motor could be drawn. It had already been flown successfully four or five hours on the same day. An examination of the motor some time after the crash failed to disclose any defect. Appellee testified that he knew nothing about the construction or operation of an airplane.

Now taking appellee's testimony at full value, as we must in a case of this kind, we have, as a basis for the verdict, only the fact that the motor stopped. Appellee's statement does not exclude the possibility of the motor stopping on account of improper acceleration or slowing down, or other improper handling of the motor by Fulcher. In fact, in his complaint filed a short time after the crash he asserted that the negligent handling of the plane by Fulcher caused the accident.

Conceding, for the sake of argument, that there was some defective condition in the motor, what such condition was, and whether it was one such as appellant would have been responsible for, was not shown.

While we must accord much latitude to juries in solving questions of fact, we have always held that their findings must be based on substantial evidence— not on conjecture and speculation. *Magnolia Petroleum Company* v. *Bell,* 186 Ark. 723, 55 S. W. 2d 782; *Missouri Pacific Railroad Company* v. *Shores,* 209 Ark. 539, 191 S. W. 2d 580.

We conclude that there is no substantial evidence in this case to establish such negligence of the appellant as would authorize a finding that any wrongful act or omission on his part caused or contributed to appellee's injury.

Accordingly, the judgment appealed from is reversed and the cause of action having been fully developed is dismissed.