Dana TROTTER, *et al. v.* Robin BOWDEN

CA 02-663 101 S.W.3d 264

Court of Appeals of Arkansas
Division III
Opinion delivered March 19, 2003

*Gary Eubanks & Associates*, by: *Russell D. Marlin*, for appellant.

*Laser Law Firm, P.A.*, by: *Alfred F. Angulo, Jr.* and *Brian A. Brown*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this tort case was driving an automobile that collided with two eight-year-old boys riding a bicycle. The boys were injured, and they and their parents sued appellee for negligence. At the close of trial, appellee moved for a directed verdict. The trial court granted the motion and dismissed the case. This appeal followed.

For reversal, appellants contend that the trial court erred in directing a verdict in favor of appellee. We agree, and we reverse and remand.

In reviewing an order granting a motion for directed verdict, we view the evidence in the light most favorable to the party against whom the verdict was directed. *Allstate Insurance Company v. Voyles*, 76 Ark. App. 334, 65 S.W.3d 457 (2002). If any substantial evidence exists that tends to establish an issue in favor of that party, then a jury question is presented and the directed verdict should be reversed. *Id.*

Viewing the evidence, as we must, in the light most favorable to the appellants, the record shows that appellee was driving her car on a residential street, on a school day, at approximately 4:00 p.m. Appellee knew that this was a residential neighborhood and that it was important to be cautious there because people frequently walk in the street. She testified that she saw two little boys riding a bicycle on the right side of the road. They were approximately two feet from the curb. Appellee was driving between fifteen and twenty miles per hour when she first saw the boys. There were no vehicles or anything else in the street that obstructed her view. Appellee applied her brakes but did not take evasive action. Approximately five seconds after first seeing the boys, she struck them with her vehicle. The boys were injured and taken away in an ambulance.

 We think that the testimony recounted above constitutes substantial evidence of negligence. A driver is bound to be constantly vigilant for persons along a highway and exercise reasonable care to avoid injuring them. *Thomas v. Newman*, 262 Ark. 42, 553 S.W.2d 459 (1977). A motorist cannot rely upon the assumption that a child pedestrian will act with the same degree of care, caution, and circumspection or will remain in a place of safety or obey the rules of the road to the same extent he could if an adult were involved. *Id.* Significantly, although there was evidence that appellee had up to five seconds to react to the presence of the little boys and there were no other vehicles in the street, there was no indication that she either sounded her horn or took evasive action. *See id.; see also Collett v. Loews*, 203 Ark. 756, 158 S.W.2d 658 (1942). Furthermore, although appellee makes much of the fact that the boys did not testify at trial, the injured party is presumed to be free from negligence until the contrary is made to appear. *Thomas v. Newman, supra.*

 The evidence introduced by the appellants was substantial evidence, and whether it was true or not was a question for the determination of the jury, not the court. *Collett v. Loews, supra.* We hold that the trial court erred in directing a verdict in favor of appellee, and we reverse and remand.

Reversed and remanded.

ROBBINS and CRABTREE, JJ., agree.