

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-14-170

| | | |
|---|---|---|
| DAYLE C. WYMER | | **Opinion Delivered** September 24, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. DR2008-5465] |
| V. | | |
| LORI C. HUTTO | | |
| | APPELLEE | HONORABLE MARY SPENCER MCGOWAN, JUDGE |
| | | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Dayle C. Wymer appeals a Pulaski County Circuit Court order awarding a change in custody of his minor child to his former wife, Lori Hutto. He raises two points on appeal: (1) that the trial court improperly limited his introduction of evidence and (2) that the trial court erred in finding that it was in the best interest of the child to grant custody to Hutto. Finding no error, we affirm.

For his first point on appeal, Wymer asserts that the trial court improperly limited his introduction of evidence. He maintains that the trial court mistakenly considered this to be a relocation case and, as a result, improperly excluded evidence concerning the best interest of the child. Wymer, however, failed to proffer the evidence he contends was improperly excluded. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so the appellate court can review the decision, unless the substance of the evidence

SLIP OPINION

is apparent from the context. *Swadley v. Krugler*, 67 Ark. App. 297, 999 S.W.2d 209 (1999). Wymer's failure to proffer the testimony he believed should have been introduced prevents our review.

For his second point of appeal, Wymer argues that the trial court erred in awarding Hutto primary physical custody of L.W. When a change of child custody is sought in a joint custody arrangement, the trial court must first determine that a material change in circumstances has transpired from the time of the divorce decree and, then, determine that a change of custody is in the best interest of the child. *See Singletary v. Singletary*, 2013 Ark. 506, 431 S.W.3d 234. Here, the court held that Hutto's remarriage and her subsequent move to Shirley, Arkansas, resulted in a material change of circumstances. Wymer does not contest this finding.

Wymer's only challenge to the modification is the trial court's determination that it was in the child's best interest to place primary physical custody with Hutto. Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Anderson v. Thomas*, 2013 Ark. App. 653.

In reviewing child-custody cases, we consider the evidence de novo but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *See id.* This deference to the circuit court is even greater in cases

involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *See id.*

A de novo review of the evidence reveals that Wymer and Hutto were divorced in December 2009. At the time of the divorce they had two children, C.W. and L.W. As a part of the divorce, the parties, who both lived in Little Rock, Arkansas, agreed to share joint physical and legal custody of their two children, utilizing a schedule that allowed them to each have equal time with the children. The parties additionally agreed that should either one move so as to necessitate a modification of the custody arrangement or visitation, such a move shall be considered a change in circumstances sufficient to justify a request for modification. These terms were included in the final decree of divorce entered by the Pulaski County Circuit Court.

Several years after the divorce, Hutto remarried and moved to Shirley, Arkansas. However, for approximately two years, Hutto maintained an apartment in Little Rock so that she could fulfill her obligations under the joint-custody arrangement, while allowing time for her children to adjust to the new relationship, which included her husband's three children.

In February 2013, Hutto filed a petition to modify the child-custody arrangement to allow her to relocate with the children to Shirley, Arkansas. She alleged the move constituted a material change of circumstances and sought primary custody of the children. Wymer responded to the petition, agreeing that there was a material change of circumstances but requesting that primary custody of the children be placed with him. The parties subsequently

agreed that Wymer would retain physical custody of C.W. so that she could finish her senior year at her current school, but proceeded to a hearing as to the custody of L.W. After hearing testimony and the arguments of counsel, the trial court entered an order finding a material change in circumstances and that it was in the best interest of L.W. for Hutto to have primary custody of her with liberal visitation privileges being granted to Wymer.

In its order, the trial court focused on several facts to support its ruling. The trial court found that, upon relocation, L.W. would be living with Hutto, her new husband, and his three daughters—one of whom is near in age to L.W. The court further found that Hutto and her husband had spent the last few years working to blend their two families, and that relocation to Shirley would allow L.W. to foster her relationship with her stepsisters and to make new friends.

By contrast, the court noted that C.W. and L.W. were seven years apart in age and, while close, the age difference at that time in their lives was significant. The court noted that C.W. would soon be graduating from high school and attending college, and thus, separation of the two siblings was less troublesome. The court further noted that, as C.W. was responsible for babysitting L.W., a change of custody would further enable C.W. to concentrate on her education and her last semester in high school.

As for L.W.'s education and extracurricular activities, the court expressly considered the evidence presented by Hutto that L.W. could receive a quality education in the Shirley schools and that there would be many activities available to L.W. there, including soccer in a nearby community.

It is clear from our de novo review of the record that both parents in this case are good, loving parents, and the trial court even commended them several times for their efforts in maintaining a true joint physical–custody approach with the children. The trial court considered the evidence presented above, which is supported by the record, and determined that it was in the best interest of the child to place custody with Hutto. As stated above, we give great deference to circuit court findings in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the child. *Hamilton*, *supra*. We will not reverse unless those findings are clearly against the preponderance of the evidence. *Id.* Based on the record before us and our standard of review, we hold that the trial court did not commit clear error.

Affirmed.

GRUBER and VAUGHT, JJ., agree

*Lisa Jones Ables*, for appellant.

*Worsham Law Firm, P.A.*, by: *Brooke F. Steen*, for appellee.