

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–436

| | |
|---|---|
| KEVIN BURNETT AND LARREASHA ADAMS<br><br>APPELLANTS<br><br>V.<br><br><br>RUSH & COMPANY, INC.<br><br>APPELLEE | Opinion Delivered NOVEMBER 4, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION [NO. CV-2014-2115]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

Appellants Kevin Burnett and Larreasha Adams argue pro se on appeal that the trial court erred in finding Adams cosigned a promissory note in favor of appellee Rush & Company, Inc. (Rush) and entering a judgment against them in the amount of $15,380.24. They further argue the trial court erred in denying admission of Adams's driver's license into evidence and allowing Rush's counsel to improperly "testify" about Adams's license. We affirm.

Rush filed a complaint for breach of contract against Burnett and Adams in June 2014 for default on a promissory note. Both Burnett and Adams denied Adams had signed the promissory note.

At trial, the evidence presented showed that Rush sold Adams a home in Pulaski County in 2011. The HUD settlement statement, dated July 29, 2011, indicated the contract sale price for the home was $283,000, with a deposit of $12,500 and a mortgage of $273,750.

Rush introduced into evidence an installment promissory note dated August 1, 2011, between Burnett and Adams as borrowers and Rush as lender, for the amount of $12,600, with an annual interest rate of eight percent. The note provided installment payments would be made monthly in the amount of $569.86 for principal and interest beginning on September 1, 2011, and continuing until July 1, 2013, at which time the remaining principal and interest would be due in full. The promissory note was secured by the residence Rush had sold to Adams, and it purportedly bore the signatures of both Burnett and Adams. Ben Rush, owner of Rush, testified he financed the difference between the sales price and the mortgage amount for Adams and Burnett because they were unable to obtain financing for the entire purchase price. Ben Rush explained that the promissory note was for $12,600, and the $100 difference between the down payment and the promissory-note amount was for the few extra days of interest. Ben Rush stated Burnett made only one payment on the note. He testified he saw Burnett sign the promissory note, and while he did not see Adams sign the note, Burnett took the note to Adams to sign and returned it to him, representing to him that Adams had signed it.

Both Burnett and Adams denied Adams had signed the promissory note. Burnett admitted he had signed the note and owed Rush, but claimed Adams knew nothing about the note. Adams denied she had signed the promissory note, and she offered her driver's license signature as proof that it was not her signature on the promissory note. Rush's counsel objected to the driver's license being presented as proof, not only because Adams denied signing the note, but also because the driver's license signature was not a fair representation

SLIP OPINION

of a signature. The trial court stated it did not make much difference because, if Adams did not sign the note or did not know about it, then there was fraud committed. The trial court then ruled in favor of Rush, and Burnett and Adams now appeal.

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Steele v. Lyon*, 2015 Ark. App. 251, 460 S.W.3d 827. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* The appellate court gives due deference to the superior position of the trial court to view and judge the credibility of the witnesses. *Id.*

On appeal, Burnett and Adams argue the evidence that Adams signed the note was insufficient. Specifically, they assert the only evidence to show that Adams was a signatory was her name on the signature line, which was refuted by Burnett's and Adams's denials that Adams had signed the promissory note. We disagree. Rush presented the promissory note for $12,600, purportedly bearing not only Burnett's signature but also Adams's signature; the HUD statement showing the selling price of the house was $283,000, the mortgage was $273,750, and there was a down payment of $12,500; and Ben Rush's testimony that Burnett had taken the promissory note for Adams to sign and had represented to him that she had signed it. Due to the conflicting evidence presented, this was a credibility determination for the trial court to make. We hold the trial court's determination that Adams had signed the promissory note was not clearly erroneous.

3

SLIP OPINION

Burnett and Adams also challenge the fact that the trial court did not consider Adams's driver's license to compare her license signature with the signature on the note. When they attempted to introduce the license, Rush objected, but the trial court never ruled on Rush's objection. Because Burnett and Adams did not obtain a ruling, this argument is not preserved for our review; it is an appellant's burden to obtain a ruling to preserve an issue for appeal, and the failure to do so precludes our review. *Hurst v. Arkansas Radiology Affiliates*, *P.A.*, 2015 Ark. App. 333. Furthermore, even if a ruling had been obtained, Burnett and Adams never proffered Adams's driver's license. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so the appellate court can review the decision, unless the substance of the evidence is apparent from the context. *Wymer v. Hutto*, 2014 Ark. App. 497, 442 S.W.3d 912.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Kevin M. Burnett* and *Larreasha Adams*, pro se appellants.

*Hope, Trice, O'Dwyer & Wilson, P.A.*, by: *Kevin M. O'Dwyer*, for appellee.