TIME INSURANCE COMPANY *v.*
Herbert BOREN and Lois BOREN

CA 80-247                            607 S.W. 2d 412

Court of Appeals of Arkansas
Opinion delivered November 19, 1980

*Williamson, Ball & Bird*, by: *Michael W. Lonsberry*, for appellant.

*Drew & Mazzanti*, by: *Jerry E. Mazzanti*, for appellees.

Marian F. Penix, Judge. Herbert Boren and Lois Boren, appellees, operate a service station in Eudora, Arkansas. On March 12, 1975, appellant's agent, Ray Reese, called on the Borens and took their application for a major medical insurance policy. Two days later, on March 14, Lois Boren slipped on ice, severely injuring her back. Ray Reese advised Lois Boren she was covered under the policy because her injury was accidental. Subsequently, she underwent surgery and other treatment for her injured back. The insurance company issued the policy dated March 28, 1975. The agent informed the insurance company the policy was to have been dated March 12, 1975. The policy was reissued with March 12, 1975 as the effective date but a rider was attached. The rider excluded coverage of "any injury to or disorder of the spine, its muscles, ligaments, discs or nerve roots of the insured's dependent Lois." The company attached the exclusion rider because of information obtained by the company that Lois Boren had previously received treatment for her back and had not disclosed that treatment on the application. The Borens refused to sign the rider. The Company returned the three premiums which had been paid and denied the coverage.

The Borens filed suit to recover medical expenses, the statutory penalty, attorneys fees and the costs of the litigation. The original complaint prayed for $5,000.00. This complaint was amended to request $4,698,46 less any setoffs paid by appellant and less any deductible amounts for a statutory penalty, attorney's fees, and costs. The insurance company denied liability and affirmatively pled the policy was not in effect at the time of the alleged injury and further that the Borens had misrepresented Lois Boren's physical condition on the application. The jury returned a verdict for $4,542.46. This amount is the total medical expenses less the premium. The trial court then reduced the jury verdict by the applicable deductibles to the amount of $3,855.97 and awarded the Borens the statutory penalty of $462.72 and an attorney's fee in the amount of $1,250.00 plus interest from the date of judgment.

The insurance company (hereinafter referred to as "Time") appeals. Time alleges a verdict should have been

directed for Time because of the Borens' misrepresentation in the application.

The Agent, Ray Reese, testified the policy was dated March 28, 1975 when it was first issued. He informed Time it was his and the Borens' intent the policy be dated March 12, 1975. The policy date was revised to March 12 and the exclusion rider was attachd. Reese testified the Borens answered in the negative to all ten question about treatment for previous illnesses or impairments except for one question about eye surgery on Herbert Boren. Lois Boren testified she did not remember answering any specific questions about previous treatment on her back, spine, or muscle disorders when the application was being taken. She said she didn't mention having been treated by Dr. Alfons Altenberg, an orthopedic surgeon in Monroe, Louisiana the year before the accident, because her back was not bothering her at the time she made the application. The year before the accident her neck was "catching". She sought treatment from Dr. Altenberg. He prescribed valium and advised her to wear a brace or corset for a sprained back. She continued to work, but after using the brace a week or so, discontinued wearing it. She testified she did not recall Time offering her an option of having the policy issued with a special rider excluding coverage for her back or having the premium refunded. She also testified Time notified her that her injury was a result of an illness and not the result of an accident.

Reese testified the day he took the application at the Borens' station, Lois Boren was not having back trouble. He said she was on her feet on concrete waiting on customers.

Dr. Altenberg testified Lois Boren had some early degenerative arthritis, but it was primarily in her neck area and did not relate to her back. He also testified most persons with the conditions of Lois Boren in 1974 would recover to a normal state.

James Allen Brindowski testified for Time. He testified his job is to decide whether an applicant for insurance is an insurable risk. He said if Time had received Dr. Altenberg's report on Lois Boren, it would have issued the policy with a

rider excluding coverage of her back. However, he did not begin working for Time until 1977 and was unable to testify as to the underwriting policy of Time prior to 1977.

Dr. William J. Weaver testified for Time. Dr. Weaver has treated Lois Boren for several years. He testified she had complained to him about a stomach ulcer and about a chronic backache.

We find no error in the trial Court's denial of Time of a directed verdict. The trial judge refused to direct a verdict saying . . . "Whether or not she fell and hurt her back would not be material to any alleged back trouble she had of some other nature. I'm trying to say that the fall, a fall is not to be expected as a part of a recurring illness of a back trouble. That's a new trauma not connected with any illness she might have had to her back." We find no error in the court's determination the materiality of the risk was a question of fact for the jury.

The testimony is undisputed the parties intended the policy to be effectively immediately. Therefore, the only question is whether there is substantial evidence to support the jury verdict which determined the company was liable. In order to avoid liability, Time had the burden of proving there was a misrepresentation which was fraudulently or material to the risk assumed or that they would not have issued the policy had the facts been known. We find there to be substantial evidence to support the jury verdict which evidences the failure of Time to meet its burden of proof.

Ark. Stat. Ann. § 66-3208 provides:

Misrepresentation, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless: (a) fraudulent; or (b) material either to the acceptance of the risk or to the hazard assumed by the insurer; or (c) the insurer in good faith would either not have issued the policy or contract —, or would not have provided coverage, with respect to the hazard resulting in the loss, if the true facts had been known to

the insurer as required by the application for the policy
or contract or otherwise.

See also, *National Old Line Ins. Co.* v. *People*, 256 Ark. 137, 506
S.W. 2d 128 (1974).

In *Old Republic Insurance Company* v. *Alexander*, 245 Ark.
1029, 436 S.W. 2d 829 (1969), the Supreme Court stated:

The materiality to risk of a fact misrepresented, omitted
or concealed is a question of fact so long as the matter is
debatable, and is a question of law only when so obvious
that a contrary inference is not permissible.

The jury decided that any omission by Lois Boren of treat-
ment for a sprained back a year before the back injury in
question was not material to her recovery for an injury result-
ing from the accidental slip and fall on the ice.

There is no evidence in the record to reflect that Lois
Boren had any back problem or condition at the time the in-
surance application was made. The evidence was Lois Boren
worked several hours a day, seven days a week on her feet
selling gas and bait. The case went to the jury and all of the
issues were found in favor of the Borens.

In considering the question of the sufficiency of the
evidence, evidence must be viewed in the light most
favorable to the appellee and all reasonable inferences
must be drawn in its favor — only the evidence favorable
to the appellee is to be considered. *Swink and Co., Inc.* v.
*McEntee and McGinly, Inc.*, 266 Ark. 279, 584 S.W. 2d 393
(1979).

Time relies upon *Findley, Administratrix* v. *Time Insurance
Company*, 269 Ark. 257, 599 S.W. 2d 736 (1980). In that case,
an applicant had answered in the negative questions dealing
with the regularity and problems experienced with her
menstrual cycle. The applicant had in truth been experienc-
ing heavy vaginal bleeding every two weeks for some time.
This case is distinguishable from the present case. In *Findley*,
the applicant was experiencing problems at the time she

made the application. In the present case, Lois Boren had at one time sprained her back. She was feeling no ill effects and felt she had recovered from the sprain at the time of the application.

Nor do we find evidence Time would not have issued the policy to the Borens had all the facts been known. James Allen Brindowski testified the policy would not have been issued had Time received the report from Dr. Altenberg. On cross-examination however, he admitted he did not begin working at Time until 1977 and he had no knowledge of the underwriting policy in 1975. There is no evidence in the record to support Time's contention the policy would not have been issued. See, *Countryside Casualty Co. v. Orr*, 523 F. 2d 870 (8th Cir. 1975).

We find sufficient facts existing from which a jury could make findings as to Time's liability. We find sufficient facts existing from which a jury could find any misrepresentation by Lois Boren was not material to her right to recover under the policy. Therefore, we affirm the decision with regards to liability.

Time's second allegation of error is in the Court's award of statutory penalty and attorney's fees. Time argues the Borens did not recover the amount prayed for in their amended complaint, this amount being $4,698.46.

The Borens originally sued for $5,000.00 plus the statutory penalty and other proper relief. This was amended to request $4,4698.46 less any setoffs paid by Time and less any applicable deductible amounts. The award finally given by the trial court was $3,855.97. This amount was arrived at by applying the deductibles and setoffs. The question becomes, did the appellees receive the full amount for which they prayed? What is the full amount for which appellees sued?

Ark. Stat. Ann. § 66-3238 provides:

Suits against insurers — Damages and attorney fees on loss claims. — In all cases where loss occurs and the . . .

insurance company ... liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such ... corporation ... shall be liable to pay the holder of such policy, ... in addition to the amount of such loss, twelve percent (12%) damages of such loss, together with all reasonable attorney's fees ...

The Supreme Court has held that before the statutory penalty may be imposed the plaintiff must receive the full amount for which she sued. The statute which allows the 12% penalty must be strictly construed. The exact amount sued for must be awarded before this penalty may be added to the plaintiff's recovery. *Farm Bureau Insurance Co.* v. *Paladino*, 264 Ark. 311, 571 S.W. 2d 86 (1978); *Collum* v. *Farmers Union Mutual Insurance Co.*, 256 Ark. 376, 508 S.W. 2d 316 (1974).

The Borens prayed for the amount of Lois Boren's medical bills and requested this be reduced by whatever setoffs and deductibles were applicable. This was done. The jury's verdict of $4,542.46 is the medical bills less the $156.00 premium due for the quarter in which the accident occurred. The judge reduced the jury verdict by the deductibles. In his decree, the judge states "By agreement of the parties hereto, after the premium and the deductible amounts are deducted, the normal payment under the policy in question would be $3,855.97." There is no dispute as to the applicable deductibles and setoffs. The appellees received exactly what they requested. While the request was vague, no effort was made by the appellant to have the appellees clarify their pleading. We find no error in the award of the statutory penalty and a reasonable attorney's fee.

The appellees' attorney is awarded an additional fee of $250 for services rendered on appeal plus the costs expended for the appeal.

Affirmed.