# FARMERS INSURANCE EXCHANGE *v.*
## Roy B. STAPLES et al

CA 82-389                                    650 S.W.2d 244

Court of Appeals of Arkansas
Opinion delivered May 18, 1983

*Odom, Elliott, Lee & Martin,* by: *Gerald D. Lee,* for appellant.

*Gibbs & Hickam,* by: *D. Scott Hickam;* and *Tapp Law Offices,* by: *J. Sky Tapp,* for appellees.

GEORGE K. CRACRAFT, Judge. The Farmers Insurance Exchange appeals from a summary judgment entered against it in favor of its fire insurance policy holders, Roy B. Staples and Billie W. Staples. The appellant contends that the trial court erred in finding that there was no material issue of fact to be determined as required by Rule 56, Arkansas Rules of Civil Procedure. We agree. Although other alleged errors in the rendition and content of the summary judgment are advanced, in view of our conclusion on the primary point we see no need to address them. They are unlikely to arise in the trial upon remand.

On July 25, 1980 a dwelling owned by the appellees in Hot Springs and its contents were totally destroyed by fire.

At that time there was in force a policy of fire insurance issued by the appellant providing coverage of $36,000 on the dwelling and $18,000 on its contents. When payment was not made on the proof of loss, the appellees brought this action to recover under the policy and for statutory penalties, interest and attorney's fees. Appellant admitted the issuance and validity of the policy but denied liability under a provision which excluded loss caused by the intentional acts of the insureds or their agents. It alleged that appellees had set the fire or caused the house to be burned by others. After the issues were joined both parties engaged in extensive discovery which consists of over 400 pages of this voluminous record. After discovery was completed the appellees filed a motion for summary judgment, attaching to it affidavits asserting that they had neither set nor caused the fire to be set. The appellant replied and in opposition filed affidavits.

The trial court found that there was no issue of fact to be resolved and entered summary judgment pursuant to Rule 56, Arkansas Rules of Civil Procedure. We conclude that this determination was erroneous.

It is well settled that a summary judgment under Rule 56, Arkansas Rules of Civil Procedure, is appropriate only when the pleadings, depositions, answers to interrogatories, requests for admissions, together with the supporting affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Davis, Adm'x.* v. *Lingl Corp.*, 277 Ark. 303, 641 S.W.2d 27 (1982). It is also well settled that any testimony submitted by a motion for summary judgment must be viewed in the light most favorable to the party against whom the motion is made, with all doubts and inferences being resolved against the movant. *Deltic Farm & Timber Co.* v. *Manning, Adm'x.*, 239 Ark. 264, 389 S.W.2d 435 (1965); *Suburban Motors* v. *Guaranty Ins. Co.*, 244 Ark. 925, 428 S.W.2d 68 (1968); *Southland Ins.* v. *Northwestern Nat'l Ins.*, 255 Ark. 802, 502 S.W.2d 474 (1973).

We conclude that there was a genuine issue as to a material fact presented. Contained in the record is the

discovery deposition and later affidavit of Richard Walls, who identified himself as an experienced investigator of fires, with some 20 years' experience in that area. He testified as to the physical facts that he found during his investigation and concluded with a positive statement that the physical evidence definitely established that the house was deliberately burned. He based his opinion on "hot spots" which indicated that the fire burned more intensely in those areas due to the use of accelerants and other combustible substances. He also used an "electronic sniffer" to verify his conclusions that the hot spots were caused by accelerants. He testified that he found six such "hot spots" along with other evidence indicating to him that this was clearly a case of arson. Also contained in the record is a laboratory analysis made of residual substances from the hot spots. While the laboratory's conclusion was that only four of the areas actually contained accelerants, and in lesser amounts than Walls had concluded, its report did verify their existence. We cannot conclude that this testimony did not raise an issue of fact as to the origin of the fire.

While we agree with appellee that a mere showing of arson does not bring the matter within the exclusion relied on and that it was also necessary to show that the appellees either set the fire or caused the house to be burned, we do not agree that there was no material issue of fact on that point or that reasonable minds could not conclude that Staples was involved in the setting of the fire.

While there were no eye witnesses to the setting of the fire, the deliberate burning of an insured building by its owner is usually accomplished alone and in secret. Any material fact in issue, however, may be established by circumstantial evidence even though the testimony of other witnesses may be undisputed. The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Johnson v. State,* 7 Ark. App. 172, 646 S.W.2d 22 (1983). The circumstances may be such that different minds can reasonably draw different conclusions from them without resort to speculation. Where there are facts and circumstances in

evidence from which reasonable minds might reach different conclusions, the matter is an issue of fact which must be submitted to the jury for determination. *MFA Mutual Ins. Co. v. Pearrow,* 245 Ark. 795, 434 S.W.2d 269 (1968).

Our court on many occasions has declared that circumstantial evidence which is sufficient to warrant a jury in drawing a reasonable inference that the insured was the author of a fire is sufficient to sustain a verdict in favor of the insurer. *Rankin v. National Lib. Ins. Co. of America,* 188 Ark. 195, 65 S.W.2d 17 (1933); *Garmon v. The Home Ins. Co. of New York,* 197 Ark. 1102, 126 S.W.2d 621 (1939); *MFA Mutual Ins. Co. v. Pearrow, supra.*

A review of the evidence in the light most favorable to appellant discloses that prior to the fire the appellees had separated and instituted divorce proceedings. In those proceedings they had entered into a property settlement agreement which included ownership of the house. The wife had gone to California and was still in California when the motion for summary judgment was filed. About two weeks before the fire Roy Staples, intending to go to Arizona for an extended period of time, had purchased a trailer. He had parked the trailer at the home of Noble Moore in Conway because he did not want his estranged wife to know that he had purchased it. There was evidence that the dwelling was insured for more than its market value. While he was in Arizona and his wife was in California the house would have remained subject to a mortgage indebtedness of $12,000 requiring payments of $115 per month.

The fire in question occurred at 1:00 a.m. Attached to the discovery deposition of Walls was a recorded statement given him by Staples shortly after the fire. In that statement appellee had stated that on the night preceding the fire he had not been feeling well and had decided to go to Conway to visit Noble Moore. He stated that he left his house around 11:00 p.m., several hours before the fire, and therefore he could not have set it. He stated that he arrived in Conway at about 1:00 a.m. He did not learn of the fire until he was informed of it the next morning by Noble Moore, on whose property the trailer in which he slept was parked.

Also contained in the discovery deposition was a statement of Noble Moore that when he awoke to go to the bathroom about 2:00 or 2:30 a.m. he "saw someone in the trailer" and saw the appellee's car parked beside it. He did not look at a clock "but that is about the time I usually have to get up." He further stated that Staples came to Conway about twice a month but had never before come there in the middle of the night. Under these circumstances a jury could conclude that he left his dwelling, not at 11:00 p.m. as he had stated, but after the fire at 1:00 a.m. *Rankin* v. *National Lib. Ins. Co. of America, supra.*

The appellees argue that the evidence concerning the marital difficulties of the parties, the property settlement agreement, prospective intention not to occupy the dwelling and the amount of insurance procured is immaterial. We do not agree. In cases where the deliberate burning of an insured building is in issue, any evidence tending to show a motive or opportunity is admissible. Appellees also argue that the so-called valued policy provisions of our statutes, which prevent an insurance company from reducing loss claims on real property destroyed by fire, prohibited the court from considering evidence as to the amount of insurance and market value of the property. We do not agree. The question under consideration is not the amount for which the company might be liable under their policy but whether the amount of insurance on the house might supply a motive for the owners to burn it. *Garmon* v. *The Home Ins. Co. of New York, supra.*

We conclude that the trial court erred in finding that there was no genuine issue on a material fact to be determined and that entry of summary judgment was not warranted. This cause is reversed and remanded to the circuit court for further proceedings not inconsistent with this opinion.