Margie HAYNES and Clayton HAYNES
*v.* FARM BUREAU MUTUAL
INSURANCE CO. OF ARKANSAS, INC.

CA 83-291                                    669 S.W.2d 511

Court of Appeals of Arkansas
Division II
Opinion delivered May 30, 1984

*Switzer & Switzer,* by: *Bruce D. Switzer;* and *Arnold, Hamilton & Streetman,* by: *Herman L. Hamilton, Jr.,* for appellant.

*Griffin, Rainwater & Draper,* for appellee.

GEORGE K. CRACRAFT, Judge. Margie Haynes and Clayton Haynes were divorced in 1979. In their court-approved property settlement agreement Clayton obligated himself to convey his interest in their former residence to Margie free of a $90,000 mortgaged indebtedness. He did not perform these obligations and contempt proceedings were instigated to seek his compliance. On July 21, 1981 the dwelling and its contents were totally destroyed in a fire which all parties concede was of incendiary origin. At the time of the fire Clayton had not conveyed his interest in the residence to Margie, had not discharged the mortgaged indebtedness against it, and still had contempt proceedings pending against him. At that time there was in force a policy of fire insurance on the dwelling issued by Farm Bureau Mutual Insurance Company of Arkansas in the name of Clayton Haynes only in the amount of $103,000.

After the fire Clayton conveyed all of his interest in the real estate to Margie who subsequently brought this action against Farm Breau Mutual to cover the fire loss. Farm Bureau Mutual had paid the mortgagee Bank of Parkdale according to its interest and had received an assignment of the bank's interest under the mortgage. Over his objection the trial court granted Farm Bureau's motion to make Clayton a party plaintiff in the action. Margie Haynes consented to making Clayton a party plaintiff. Although Clayton had objected, after the order was entered he filed a

formal pleading in which he joined in Margie's complaint against Farm Bureau Mutual. After Clayton was joined as a plaintiff Farm Bureau Mutual answered denying liability and asserting that the fire was the result of Clayton's unlawful acts either in setting the fire or causing it to be set. The Haynes appeal from a judgment entered in favor of Farm Bureau Mutual on a jury's special finding that the fire loss resulted from the unlawful acts of Clayton.

Appellants first contend that the trial court erred in requiring Clayton to join as an involuntary plaintiff. No authority is cited and no argument is made in support of this point other than that it somehow prejudiced the jury to see two divorced persons sitting at the same counsel table in a suit in which arson by one of them was an issue. Assignments of error presented by counsel in briefs unsupported by convincing argument and authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Gray, Director* v. *Ragland, Director*, 277 Ark. 232, 640 S.W.2d 788 (1982); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

The appellants next contend that the trial court erred in denying plaintiffs' motion that no testimony concerning arson be admitted unless it be directly connected with the appellant Clayton Haynes and in admitting such evidence. They also contend that the trial court erred in denying their motion for judgmet notwithstanding the verdict because the jury's verdict was not based on substantial evidence.

Although these contentions are stated under two points, we are concerned only with the question whether there was substantial evidence to support the verdict. *Steed* v. *Busby*, 268 Ark. 1, 593 S.W.2d 34 (1980). As to the substantiality of the evidence we will not disturb the jury's conclusion unless we can say there is no reasonable probability in favor of appellee's version and then only after giving legitimate effect to the presumptions in favor of a jury's finding. In testing that sufficiency as being substantial we need only consider the evidence which is most favorable to the appellee. *St. Paul Fire & Marine Ins.* v. *Prothro*, 266 Ark. 1020, 590 S.W.2d 35 (1979); *Ark. Power & Light Co.* v.

*Johnson,* 260 Ark. 237, 538 S.W.2d 541 (1976).

There are ordinarily no eye witnesses to an act of arson because the deliberate burning of an insured building by its owner is usually accomplished alone and in secret. Any material fact in issue, however, may be established by circumstantial evidence even though the testimony of other witnesses may be undisputed. The fact that evidence is circumstantial does not render it insubstantial as our law makes no distinction between direct evidence of a fact and circumstances from which it might be inferred. The circumstances may be such that different minds can reasonably draw different conclusions from them without resort to speculation. Where there are facts and circumstances in evidence from which reasonable minds might reach different conclusions without resort to speculation the matter is an issue of fact which must be submitted to the jury for its determination. *Farmers Ins. Exchange* v. *Staples,* 8 Ark. App. 224, 650 S.W.2d 244 (1983).

We agree that a mere showing of arson does not automatically relieve the insurer from liability under a fire policy excluding loss caused by the insured. It is also necessary to prove by direct or circumstantial evidence that the insured set the fire or caused the house to be burned. Our court on many occasions has declared that circumstantial evidence which is sufficient to warrant a jury in drawing a reasonable inference that the insured was the author of a fire is sufficient to sustain a verdict in favor of the insurer. *Rankin* v. *Nat'l Lib. Ins. Co. of America,* 188 Ark. 195, 65 S.W.2d 17 (1933).

A review of the evidence in this case convinces us that the jury's verdict is supported by substantial evidence. It was not disputed that the fire was of incendiary origin. In 1979 Clayton Haynes had obligated himself in a property settlement approved and enforced by the chancery court to convey this dwelling to Margie free of the $90,000 mortgage by January 1, 1980. He failed to discharge the indebtedness by that date or to convey the property to her. It was shown that he did not have sufficient cash to liquidate the mortgage as he was then having "cash flow problems." Contempt

proceedings were instituted against him but an agreed extension of time until August 1, 1981 was set for his compliance.

Under the terms of the divorce settlement Clayton was obligated to maintain insurance on the premises. Six or seven months before the fire he directed the insurance agent to issue the policy in his name only. This coverage was cancelled on or about the 1st of July, 1981, and from that date until the night before the fire on July 21st there was no insurance coverage on the house. Although Clayton denied that he had knowledge of this cancellation, there was testimony from an employee of the insurance agency that Clayton was previously aware of the cancellation and came to her house on July 20th, the night before the fire, to give her a check in order to reinstate the policy. At the time of the fire Clayton had had only nine days remaining in which to liquidate a $90,000 mortgage on the house and he did not have the money to accomplish it because he had "cash flow problems." There was outstanding a court order for him to appear and show cause why he had not done so. A jury could easily infer that he had a motive for the burning of the house and there is nothing in the record to disclose that anyone else did. *Westchester Fire Ins. Co.* v. *Tidwell,* 199 Ark. 621, 135 S.W.2d 842 (1940).

It was also established that the fire was first observed around 11:00 p.m. on June 21st. Haynes admitted that he had been at the house during the day to leave Margie's car there but had left before noon and had not returned. He stated that he had gone from there to attend a wedding in Texas. There was evidence that although Clayton went to Texas he had told people that he was going to Florida because he didn't want Margie to know where he was. At the time of the fire, although Margie was in possession of the house, Clayton had a key and had complete access to the house and went there frequently. Margie was attending school in Bastrop, Louisiana, and staying with her friends there during the week and their daughter was away at school in another state, leaving the house empty. Although Clayton offered evidence tending to prove that he was not in the State of Arkansas at the time the fire was first discovered, the jury

was not required to accept that evidence if it did not find it credible. There were a number of things in the testimony about Clayton's trip to Texas which might have easily caused the jury to question the complete veracity or purpose of this testimony. Our court has recognized that a trier of fact may know that an arsonist need not necessarily be personally present at the time the flash of the fire is observed because there are methods by which one can time the origin of an incendiary fire. *Garmon* v. *The Home Ins. Co. of New York,* 197 Ark. 1102, 126 S.W.2d 621 (1939).

From our review of the evidence in the light most favorable to the appellee we cannot say the verdict is not supported by substantial evidence.

Affirmed.

COOPER and CLONINGER, JJ., agree.