Roy and Janis HILL *v.* FARMERS UNION MUTUAL INSURANCE COMPANY

84-375                                                    691 S.W.2d 196

Court of Appeals of Arkansas
Division II
Opinion delivered June 19, 1985

*Cliff Jackson, P.A.*, for appellants.

*Rowland & Templeton*, by: *Randell Templeton*, for appellee.

LAWSON CLONINGER, Judge. Appellants raise two points for reversal in this appeal. We find neither persuasive, and we accordingly affirm the judgment of the trial court.

In February, 1983, appellants filed suit against appellee, alleging that a storm in January, 1978, had caused damage to three chicken houses and a barn. They requested, in their amended complaint, $34,280 in damages to the chicken houses, the 12% statutory penalty, reasonable attorney's fees, and pre-judgment and post-judgment interest as provided by law. The case was tried to a jury, who returned a verdict in the amount of $22,000. Appellee then asked the court to determine the date upon which pre-judgment interest began to run and the amount due.

A hearing on the issue was held in August, 1984. The court also considered the question of the statutory penalty and attorney's fees allowed by Ark. Stat. Ann. § 66-3238 (Repl. 1980). Regarding the pre-judgment interest, the court held that it would be calculated at 6% and would begin sixty days from January 6, 1983, the date on which official notice was given appellee of the

claim, rather than from January 11 and 12, 1978, the dates of the loss. The court also held that the statutory penalty and attorney's fees were not allowable because appellants had not recovered the full amount for which they had sued.

Appellants' first point for reversal is that the trial court erred in not granting pre-judgment interest beginning sixty days after the date of loss. The claim for the chicken houses was not filed until five years after the date of loss. The insurance policy provided that a written claim or proof of loss must be filed with appellee giving detailed information about the loss and allowing appellee sixty days after filing to investigate and to decide whether to pay the claim. The judge noted that appellants did not submit a written estimate of damages or photographs of the property, failed to preserve evidence of the damage, and failed to secure a written estimate from a third party.

■ The Arkansas Supreme Court said, in *Farm Bureau Ins. Co.* v. *Paladino*, 264 Ark. 311, 571 S.W.2d 86 (1978): "Interest may only be awarded from the expiration of the period of time allowed the company in the loss payable clause of a policy to investigate, consider and pay a claim—in this case sixty days after the proof of loss." In the instant case, appellant Roy Hill testified that he had read the insurance policy and on several occasions had submitted written estimates or bills to appellee. He had prepared a written estimate on the damage to the barn in January, 1978, and received a check for the loss. His failure to follow the procedure with respect to the chicken houses was apparently based on a dispute between Mr. Hill and an agent for appellee concerning the definitions of "hail" and "sleet." In any event, official notice of the claim and supporting documentation was not submitted until January, 1983, and we conclude that the trial judge ruled correctly in setting the later date as the time from which pre-judgment interest began to run.

■ Appellants argue that failure to file a proof of loss is an affirmative defense under Rule 8(c) and should have been pleaded "specifically and with particularity" under Rule 9(c) of the Arkansas Rules of Civil Procedure. In their complaint, appellants pled entitlement to prejudgment interest and appellee denied that they were entitled to it. Appellants' citation to *Garetson-Greason Lumber Co.* v. *Home L.&A. Co.*, 131 Ark.

525, 199 S.W. 547 (1917), as authority for the proposition that *appellee*, the insurer, should have specifically pled the failure to submit a proof of loss is mistaken. That case held that a condition precedent in an insurance policy "is a condition to be performed before a right of action dependent upon it will accrue, such as proof of loss, etc., the performance of which should be pleaded in the complaint." The argument of appellants that failure to file a proof of loss is an affirmative defense is unsupported by either convincing argument or citation to legal authority; we do not consider such an assignment of error on appeal unless it is apparent without further research that it is well taken. *Haynes v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 11 Ark. App. 289, 669 S.W.2d 511 (1984).

■ Appellants' contention that their failure to file a proof of loss was waived by appellee is refuted by the fact that the policy, which Mr. Hill acknowledged having read, contains a non-waiver provision in addition to the proof of loss and payment of loss provisions. In *American Fidel. Fire Ins. Co. v. Winfield*, 225 Ark. 139, 279 S.W.2d 836 (1955), a case cited by appellants, the Arkansas Supreme Court held that when an insurance company failed to acknowledge receipt of a notice of loss or to request proofs of loss, it was not in a position to declare a forfeiture because proofs of loss had not been furnished within the terms of the policy. This situation differs considerably from one such as the present, where appellants submitted nothing for a period of five years. The trial judge, although recognizing that Mr. Hill and the insurance agent had discussed the damage to the chicken houses, held that appellants bore a responsibility to do something more. Because appellants submitted claims on other damage done to their property during the storm of January, 1978, and were aware of the procedures they were required to follow, we must agree with the trial court.

■ Appellants argue in their second point for reversal, without citation to authority, that they are entitled to the statutory 12% penalty and reasonable attorney's fees as provided by Ark. Stat. Ann. § 66-3238 (Repl. 1980) because of appellee's denial of pre-judgment interest. This contention was disposed of in *Farm Bureau Ins. Co. v. Paladino, supra*, where the Supreme Court said: "We have consistently held that the 12% penalty and attorney's fee . . . can only be awarded when the *exact* amount

sued for is recovered." (Emphasis in original.) *See also Time Ins. Co.* v. *Boren,* 271 Ark. 183, 607 S.W.2d 412 (Ark. App. 1980). As noted above, appellants sought to recover $34,280 and were awarded $22,000.

Affirmed.

GLAZE, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the result reached by the majority opinion. I would point out, however, that in a given case it might not be necessary to file a proof of loss; for example, where the insurance company has already informed the insured that the loss is not covered and will not be paid. In that situation, even if the policy provided that the company had sixty (60) days after the filing of the proof of loss in which to pay the claim, if recovery is had on the policy it would seem that interest would run from the day the company informed the insured it would not pay the loss.

It is not my purpose to discuss this matter but only to call attention to the problem involved. Actually, I see no reason to ask that prejudgment interest run from a definite date. It would seem that a prayer for any such interest to which plaintiff is entitled should be sufficient as prejudgment interest is a matter of law. *See Hopper* v. *Denham,* 281 Ark. 84, 661 S.W.2d 379 (1983).