COMBINED INSURANCE COMPANY *v.* Doris WHITAKER

CA 85-154                                         697 S.W.2d 120

Court of Appeals of Arkansas
Division II
Opinion delivered October 9, 1985

*Hardin, Jesson & Dawson*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, for appellee.

JAMES R. COOPER, Judge. The sole issue on appeal in this workers' compensation case is whether the Commission erred in determining that the appellee was entitled to a hearing on the merits of her claim for benefits attributable to her back injury. The appellant contends that the Commission erred because the benefits sought are barred by the doctrines of res judicata, laches, waiver, estoppel, and the statute of limitations.

We decline to decide the issue because the appellant has failed to cite any legal authority to support its contentions and has failed to assert any compelling reasons why we should adopt the position espoused by the appellant. *Gray, Director* v. *Ragland, Director*, 277 Ark. 232, 640 S.W.2d 788 (1982); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977); *Arnold* v. *Arnold*, 261 Ark. 734, 553 S.W.2d 251 (1977); *Hill* v. *Farmers Union Mutual Ins. Co.*, 15 Ark. App. 222, 691 S.W.2d 196 (1985); *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985). As we said in *Hill*,

> . . . we do not consider such an assignment of error on appeal unless it is apparent without further research that it is well taken. *Haynes* v. *Farm Bureau Mut. Ins. Co. of Ark., Inc.* 11 Ark. App. 289, 669 S.W.2d 511 (1984).

We note that the appellee indicates that she believes that the questions of res judicata, laches, waiver, estoppel and the statute of limitations will be open on remand to the administrative law judge. Those are the precise issues decided by the Commission in the case at bar, and we affirm the Commission's decision. Those issues have been decided by this opinion, and will not be open on remand.

Affirmed.

CORBIN and GLAZE, JJ., agree.