Lee THOMAS *v.* ALLSTATE INSURANCE COMPANY

CA 88-182                                        766 S.W.2d 31

Court of Appeals of Arkansas
Division II
Opinion delivered March 1, 1989

*David Hodges; Josh E. McHughes*, for appellant.

*Huckaby, Munson, Rowlett and Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Circuit Court, Second Division. Appellant, Lee Thomas, appeals from a judgment entered March 10, 1988, which dismissed his cause of action against appellee, Allstate Insurance Company. We affirm.

Appellant purchased an insurance policy from appellee insuring a dwelling at 3312 Short Spring Street in Little Rock, Arkansas, against a loss by fire. The house was insured in the amount of $18,000. The house was damaged by fire on May 29, 1987, and appellant made demand upon appellee for the benefits under the policy. Appellee admitted the validity of the policy but denied liability under a provision which excluded loss caused by intentional acts of the insured. Appellant brought suit for the policy limit of $18,000, plus damages, attorney fees, and costs. As a defense to appellant's claim, appellee contended that the fire in question was incendiary in origin and occurred at the insistence of appellant and was, therefore, excluded under the policy. A jury trial was held on March 9, 1988, and a verdict was returned for appellee. A judgment was rendered on the jury verdict dismissing appellant's claim for benefits under the policy. From this judgment, this appeal arises.

Appellant raises the following five points for reversal: 1) The trial court erred in denying the motion for a directed verdict; 2) the jury verdict was not supported by substantial evidence; 3) the trial court erred in denying the motion for summary judgment, motion for new trial and/or motion for judgment notwithstanding the verdict; 4) the trial court erred in permitting Gary Jones to testify as to his opinion that the property was overinsured; 5) the trial court erred in permitting hearsay testimony.

In cases in which it is contended that the evidence was insufficient to support the appellee's claim, and in which this court is also being asked to review the denial of a motion for a directed verdict, the evidence, along with all reasonable inferences deducible therefrom, is examined in the light most favorable to the party against whom the motion is sought. *McWilliams* v. *Zedlitz*, 294 Ark. 336, 742 S.W.2d 929 (1988). If there is any substantial evidence to support the verdict, we will affirm the trial court. *Storthz* v. *Commercial Nat'l Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982). As to the substantiality of the

evidence, we will not disturb the jury's conclusion unless we can say there is no reasonable probability in favor of appellee's version and then only after giving legitimate effect to the presumptions in favor of a jury's finding. *Haynes* v. *Farm Bureau Mut. Ins. Co. of Ark.*, 11 Ark. App. 289, 669 S.W.2d 511 (1984).

In this case, a review of the evidence most favorable to appellee convinces us that the jury verdict dismissing appellant's cause of action is supported by substantial evidence. We agree with appellant that a mere showing of arson does not relieve the insurer from liability under a fire policy. It is also necessary to prove by direct or circumstantial evidence that the insured set the fire or caused the house to be burned. *Id.*

While there were no eyewitnesses to the setting of the fire, the deliberate burning of an insured's building by its owner is usually accomplished alone and in secret. However, any material fact in issue may be established by circumstantial evidence. The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it can be inferred. *Farmer's Ins. Exch.* v. *Staples*, 8 Ark. App. 224, 650 S.W.2d 244 (1983). The circumstances may be such that different minds can reasonably draw different conclusions from them without resort to speculation. Where there are facts and circumstances in evidence from which reasonable minds might reach different conclusions, the matter is an issue of fact which must be submitted to the jury for determination. *Id.*

A review of the evidence in the light most favorable to appellee reveals that the fire was of incendiary origin. Gary Jones, an inspector and cause and origin investigator for the Little Rock Fire Department, testified that he investigated the fire at appellant's property at approximately 1:00 a.m. on May 29, 1987. He testified that he determined the fire was arson based on the physical appearance of the scene as well as the presence of a strong odor of gasoline inside the dwelling. Mr. Jones testified that he did not need to use the hydrocarbon detector to detect a possible accelerant because the odor of gasoline was so prevalent. His testimony further revealed that a hole was burned through the floor in the kitchen indicating that an accelerant was introduced because a fire burns up and out, not down. Mr. Jones

opined that approximately two gallons of gasoline were applied at the scene. He also testified, without objection, that he submitted a one gallon can of ash and debris to the crime lab for analysis and the report came back positive for gasoline.

Jack Kinney, a private investigator specializing in fire investigation, testified that he also investigated the fire in issue. His testimony revealed that the major burn damage occurred around the kitchen sink. Mr. Kinney stated that the hole in the kitchen floor revealed a burn through the top flooring, subflooring, and the floor joists beneath. He testified that the downward burning was unnatural and a "clear indication of the use of a flammable liquid." Mr. Kinney's testimony disclosed other indications that the fire was incendiary in origin.

■ The above evidence presents sufficient evidence from which the jury could determine that the fire was of incendiary origin. The issue for resolution, therefore, becomes whether the evidence supports the conclusion that appellant set the fire or caused the house to burn.

Appellant testified that he bought the house in 1986 for $7,000, paying $400 down and $100 per month. At the time of purchase the house was insured for $18,000 and appellant assumed the insurance. He testified that he later inquired if appellee would increase the coverage on the house; however, appellee denied his request.

Collectively, the testimony of the fire investigators Jones and Kinney revealed that the fire was not the type set by juveniles or transients. Their testimony further revealed that indications of arson include fires started between 8:00 p.m. and 4:00 a.m., presence of flammable liquids, unoccupied or vacant houses and overinsured property. Here, the fire occurred after midnight, a flammable liquid was present, the house was vacant and insured for $11,000 more than the purchase price.

■ There was also evidence presented that appellant was experiencing financial difficulties at the time of the fire. Appellant was behind on his bills and was indebted to his brother. Further, the Internal Revenue Service had a lien against him for collection of money due. With appellant's permission, Lawrence Cromwell and his family moved into the Short Spring Street house around

the first of May of 1987. The Cromwell family moved out of the house a day or two before the fire at appellant's request. Although appellant testified he partially lived in the house until Cromwell moved in, the evidence indicated that he resided with Ruby Lewis at another address. The electrical power was disconnected at the Spring Street address in July of 1986 and was not reconnected prior to the fire. Also, there was no water service at the house until the Cromwell family moved in the first of May. There was evidence from which the jury could infer that appellant had a motive for the arson and that he set the fire or caused the house to be burned. The evidence was in conflict; however, we cannot conclude that reasonable minds could not reach the jury's conclusion or that its finding is not supported by substantial evidence.

Finding substantial evidence to support the verdict negates appellant's next contention that the trial court erred in denying his motion for a judgment notwithstanding the verdict because a trial court can enter such a judgment only if there is no substantial evidence to support the verdict. *McCuistion* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980). Alternatively, appellant argues that the court erred in not granting his motion for a new trial. It is well settled that the matter of granting or denying a new trial lies within the sound discretion of the trial judge whose action will be reversed only upon a clear showing of abuse of that discretion or manifest prejudice to the defendant. *Newberry* v. *State*, 262 Ark. 334, 557 S.W.2d 864 (1977). From all evidence of record, we find no abuse of discretion in the trial court's refusal to grant a new trial or no manifest prejudice to appellant by the court's actions in this regard.

Appellant also argues that the trial court erred in denying his motion for summary judgment. It is well settled that a summary judgment under Rule 56 of the Arkansas Rules of Civil Procedure, is appropriate only when the pleadings, depositions, answers to interrogatories, requests for admissions, together with the supporting affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Farmer's Ins. Exch.* v. *Staples*, 8 Ark. App. 224, 650 S.W.2d 244 (1983). It is also well settled that any facts submitted by an affidavit with a motion for summary judgment must be viewed in the light most favorable to the party

against whom the motion is made, with all doubts and influences being resolved against the movant. *Jackson* v. *Petty Jean Elec. Co-op*, 268 Ark. 1076, 599 S.W.2d 402 (Ark. App. 1980).

■ In this case, the evidence established that the house was deliberately burned. Additionally, there was evidence presented that appellant either set the fire or caused the house to be burned and we agree with the trial court that there was a genuine issue as to a material fact presented on that point. Therefore, we conclude that the trial court did not err in refusing to grant appellant's motion for summary judgment.

Next, appellant argues that the trial court erred in permitting Gary Jones to testify as to his opinion that the property was overinsured. During appellee's direct examination of Mr. Jones, he testified about factors surrounding a fire which indicate arson. During the course of this testimony, Mr. Jones stated: "Another indicator is a vacant or unoccupied house. And then another to me, in this case, like I said, is this house, in my opinion, was way overinsured. When I found out how much it was insured for, I couldn't believe it." Appellant's attorney objected to this statement based upon lack of proper foundation and requested the court strike it from the record. The court sustained the objection, struck the portion of the statement involving Mr. Jones' opinion that the house was overinsured and admonished the jury. Mr. Jones then continued with his testimony relating that he spoke with appellant after the fire regarding basic information pertaining to the property and the insurance coverage. Mr. Jones generally related that appellant told him how much the property was insured for, and that Jones investigated the scene of the fire and was familiar with the condition of the house.

At the time, appellee's attorney requested that the court reconsider its ruling because he felt the proper foundation had been laid for the admission of the opinion. The court held as follows:

> I'm going to allow his opinion to stand and allow that
> opinion he had about the value to remain purely as to the
> basis of his opinion, but it doesn't prove a thing as to
> whether or not it was overvalued. It just goes to show that's
> why he believed what he did but that doesn't prove it was
> overvalued in insurance because this gentleman is not

qualified to state that. I'm allowing it just merely as a basis for his opinion only.

During this time, appellant failed to renew his motion or to lodge a new objection that the subsequent testimony of Mr. Jones still was inadequate to form the proper foundation.

Because appellant failed to object or to renew his previous objection based upon lack of foundation, the trial court was not apprised that appellant still deemed the foundation inadequate. *See* A.R.E. 103(a). This court does not consider matters which were not before the trial court. *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987).

Lastly, appellant argues the trial court erred in allowing John P. Kinney to testify that he took samples at the scene to determine if a flammable liquid had been used. Further, he testified that he submitted the sample to the laboratory and they determined gasoline was used. Appellant's attorney objected to the latter remark upon the basis of hearsay. The court then required the witness to restrict his testimony to what he actually found. Specifically, appellant argues that the laboratory finding was hearsay. However, where the defendant allows other witnesses to offer the same testimony without objection, he has failed to demonstrate any prejudice from the alleged error, and this court will not reverse absent demonstrated trial error. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). Here, before Mr. Kinney testified, Gary Jones was allowed to testify, without objection, that he too took samples of debris from the scene and presented the samples to the State Crime Laboratory for analysis. Additionally, he testified that the report came back from the laboratory reflecting that the sample submitted tested positive for gasoline. Therefore, appellant failed to demonstrate any prejudice from Mr. Kinney's statement, as he allowed Mr. Jones to offer the same testimony without objection.

Affirmed.

COOPER and ROGERS, JJ., agree.