_____

No. 95-3511
_____

Richard K. Holloway;                    *
Lois A. Holloway,                       *
                                        *
        Appellants,                     *    Appeal from the United States
                                        *    District Court for the
        v.                              *    Western District of Arkansas.
                                        *
State Farm Fire & Casualty              *         [UNPUBLISHED]
Company,                                *
                                        *
        Appellee.                       *

_____

Submitted:  July 26, 1996

Filed:  August 2, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


        In this diversity action applying Arkansas law, Richard and Lois
Holloway appeal following a jury verdict in favor of State Farm Fire &
Casualty Co. (State Farm), and the district court's[1] denial of their post-
trial motion for judgment as a matter of law.  We affirm.

        The Holloways claimed State Farm breached their homeowner's insurance
policy when, following a December 16, 1993 fire at their house in Lavaca,
Arkansas, State Farm denied the Holloways' claim on the ground the fire was
intentionally set by the Holloways.  Following a two-day trial, the jury
found that "plaintiffs, or one of them intentionally burned the insured
property or intentionally

_____

        [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas.

caused it to be burned through another person or persons acting in their behalf."  The district court entered judgment for State Farm on the verdict, and denied the Holloways' motion for judgment as a matter of law and alternatively for a new trial.

On appeal, the Holloways argue that the district court erred in denying their motion for judgment as a matter of law because sufficient evidence did not support the jury's verdict, and that the district court abused its discretion in limiting their cross-examination of one of State Farm's cause-and-origin experts, Randy VanZant.

A district court's denial of a motion for judgment as a matter of law (JAML) is reviewed de novo, and presents the legal question of "`whether there is sufficient evidence to support a jury verdict.'"  See McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1994) (quoted case omitted).  We view the evidence in the light most favorable to the prevailing party, and do not weigh the evidence or consider questions of credibility.  Id.  Granting a motion for JAML "is appropriate only when all of the evidence points one way and is `susceptible of no reasonable inference sustaining the position of the nonmoving party.'"  Id. (quoted case omitted).

To avoid liability on its policy, State Farm had to prove by direct or circumstantial evidence that the Holloways set the fire or caused their house to be burned.  See Thomas v. Allstate Ins. Co., 766 S.W.2d 31, 33 (Ark. Ct. App. 1989); Haynes v. Farm Bureau Mut. Ins. Co., 669 S.W.2d 511, 513 (Ark. Ct. App. 1984); see also Burnett v. Lloyds of London, 710 F.2d 488, 489 (8th Cir. 1983) (per curiam) (applying Arkansas law).  We have carefully reviewed the evidence in light of the foregoing standards, and conclude that sufficient evidence supported the jury's determination that an arson occurred and that the Holloways, or one of them, were responsible for it.  Accordingly, the district court properly

denied the Holloways' motion for JAML.

As to VanZant's cross-examination, the Holloways' attorney asked VanZant whether an electrical engineer should be called in every fire investigation, and VanZant answered no.  Counsel then attempted to impeach VanZant by referencing testimony in a prior case in which VanZant testified that because that case involved an electrical fire, an engineer needed to investigate its cause.  The district court did not permit counsel to impeach VanZant with this prior testimony, because the evidence showed that the Holloways' fire was not an electrical fire, and counsel could not show that VanZant gave inconsistent answers to the same question in both cases. We conclude the district court did not abuse its discretion in limiting the cross-examination.  See Cummings v. Malone, 995 F.2d 817, 825 (8th Cir. 1993) (standard of review).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.