ALLSTATE INSURANCE COMPANY
*v.* Billy Wayne VOYLES

CA 01-562                                      65 S.W.3d 457

Court of Appeals of Arkansas
Division IV
Opinion delivered January 23, 2002

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *John E. Moore* and *Julia Busfield,* for appellant.

*Ford & Glover,* by: *Robert M. Ford,* for appellee.

JOHN B. ROBBINS, Judge. Appellee Billy Wayne Voyles brought suit against appellant Allstate Insurance Company to collect insurance proceeds after his home in Parkin, Arkansas, was destroyed by fire. Allstate defended on the grounds that the fire was set by Mr. Voyles or at his direction, and alternatively because Mr. Voyles made a material misrepresentation by concealing the fact that he had lost a previous insurance claim after a fire destroyed a house that he owned several years ago. After a jury trial, the trial court directed a verdict against Allstate and awarded the policy limit of $20,000, along with a twelve-percent penalty and attorney's fees. Allstate now appeals.

Allstate raises three arguments for reversal. First, it argues that the trial court erred in granting Mr. Voyles's motion for directed verdict. Next, it contends that the trial court erroneously excluded evidence of the previous fire. Finally, Allstate asserts that the trial court erred in excluding evidence of Mr. Voyles's misrepresentation regarding the prior fire and unsuccessful litigation against an insurance company. We agree with appellant's first argument, and we reverse and remand on that basis.

Charles Martin, Parkin Fire Department Chief, testified that he received an emergency call at 3:09 a.m. on December 8, 1997. Upon responding to the call, Chief Martin and other firefighters found Mr. Voyles's house to be in flames. He stated that units from Earle and Wynne were called in for assistance, and that it took about three hours to extinguish the fire.

Chief Martin later spent about fifteen minutes investigating the fire. He found the doors to be locked and no signs of forced entry. In his investigative report, Chief Martin wrote, "Looks like electrical fire from the heat system."

Georgia Sides, a grocery store owner and longtime resident of Parkin, testified that from time to time her store sponsors bus trips to Tunica, Mississippi, for the purpose of visiting casinos. She stated that one such trip began on the afternoon of December 7, 1997, when two buses departed from Slim's Place, which is a club that Mr. Voyles owned in Parkin. Mr. Voyles and his girlfriend, Virginia Williams, were among the group who rode the buses to Fitzgerald's Casino in Tunica. The buses were to return the following day, and Mrs. Sides stated that she saw Mr. Voyles sitting at a blackjack table at about 2:00 a.m.

Ricky Voyles, appellee's brother, gave testimony regarding the appellee's house. He stated that their mother gave it to him, and the appellee owned it free from debt. Ricky estimated that before it burned the house was worth about $50,000. He further testified that he went with the appellee on the Tunica trip, and that when the appellee found out the next morning at the casino that his house had burned, he was upset.

Billy Wayne Voyles testified on his own behalf, and denied hiring anyone to set fire to his house. He indicated that the house was next door to Slim's Place, and that he owned both free from debt. Mr. Voyles stated that after his mother died in 1994, he inherited $80,000 and used some of the money to purchase the club. He estimated the market value of Slim's Place to be about $75,000 to $80,000.

Mr. Voyles testified that before his house burned he would visit Tunica once or twice a month. He acknowledged that, due to a "bad run of luck," he owes a debt to a casino of over $6000, which has been turned over to a collection agency. However, he stated that since the fire there has been no communication about the debt and that, if necessary, he could have borrowed the money from one of his brothers and paid it. Other than the debt at the casino, Mr. Voyles denied having any other significant debts. He also introduced evidence that he was paying his monthly bills and that, shortly before the fire occurred, his bank account balance ranged from a low of more than $2000 to a high of over $6000.

Mr. Voyles testified that the house was not elaborately decorated and that it did not contain pictures on the walls or anything of sentimental value. However, it did contain major appliances and furniture, and he estimated that he lost about $5000 worth of personal items, which were not covered by insurance. He acknowledged that, at the time of the fire, most of his good clothes were at his girlfriend's house and his important documents were at Slim's Place.

Mr. Voyles stated that the water heater was in the house located in a closet next to the bathroom. He testified that there is a small bathroom window, about five feet above the ground, that is large enough for someone to crawl through. Mr. Voyles stated that he was not aware of any person who would have had any reason to burn his house down.

Jim Swain, a fire investigator, testified on behalf of Allstate. He stated that he was contacted by Allstate to investigate the fire at appellee's home. During his investigation, Mr. Swain detected a strong odor of gasoline. He ruled out the water heater as the source of the fire. However, he took samples from the floor of the closet where the water heater was located and confirmed the presence of gasoline. Mr. Swain ultimately concluded:

> Based on my background and training, what I put together that happened out there on the night of December 8 is that a person had to enter the residence, pour a flammable liquid, which we've identified as gasoline in the water heater closet, from the water heater closet across the floor of the bathroom, stopping at the door to the bath. At that point the flammable liquid was ignited by what we call an "external heat source," a match, a lighter, or some similar type of device. The gas was within a couple of feet of the water heater.

Mr. Swain testified that it is not unusual for a person to try to make a fire look accidental by starting the fire near a water heater to try to create the assumption that the water heater caused it. In Mr. Swain's opinion, a man could not have come through the bathroom window, set the fire, and then left through the window.

Charles Douglas Estes, an investigator for the Arkansas State Police, also conducted an investigation of the fire. His investigation revealed that the cause of the fire was widespread distribution of a flammable liquid. He determined that the fire started next to the water heater, but he eliminated the water heater as a possible source.

Officer Estes testified that many times fires are started by water heater malfunctions, and that it is common for a person to start a fire in that location to make it look like an accident.

James Stidman, an insurance adjuster for Allstate, testified that after the fire he went to the house and noticed a strong smell of gasoline. He also noted that the house was not completely burned, and he could tell that it had been sparsely furnished with no pictures on the walls. Mr. Stidman's investigation revealed no evidence of anyone breaking into the house. Relying in part on the gambling debt, Mr. Stidman testified, "From the evidence that was gathered in this investigation I have no doubt in my mind Mr. Voyles had his house set on fire to collect the insurance money, no question." Mr. Stidman did not believe that Mr. Voyles himself set the house on fire, but thought that he directed another person to commit the arson and went to Tunica for an alibi.

■ Allstate's first point on appeal is that the trial court erred in granting Mr. Voyles's motion for directed verdict. In reviewing an order granting a motion for directed verdict, we view the evidence in the light most favorable to the party against whom the verdict was directed. *Sexton Law Firm, P.A. v. Milligan*, 329 Ark. 285, 948 S.W.2d 388 (1997). If any substantial evidence exists that tends to establish an issue in favor of that party, it is error for the trial court to grant the motion for directed verdict. *Id.* It has been held that where the evidence is such that fair minded people might have different conclusions, then a jury question is presented and the directed verdict should be reversed. *Johnson v. Arkla, Inc.*, 299 Ark. 399, 771 S.W.2d 782 (1989).

We agree that the trial court erred in directing a verdict against Allstate. In granting Mr. Voyles's directed-verdict motion, the trial court relied on evidence that the house was worth more than the insurance policy limits of $20,000, that it was inherited from his mother, and that the contents of the house were not insured. However, there was other evidence from which a jury could have reasonably concluded that Mr. Voyles caused his house to be burned.

■ ■ While there was no direct evidence that Mr. Voyles set the fire, our supreme court has held that circumstantial evidence, when sufficient to warrant a jury in drawing a reasonable inference that the insured was the author of a fire, is sufficient to sustain a verdict in favor of the insurer. *See Farmers Ins. Exchange v. Staples*, 8 Ark. App. 224, 650 S.W.2d 244 (1983). In *Haynes v. Farm Bureau*

*Mut. Ins. Co. of Arkansas*, 11 Ark. App. 289, 669 S.W.2d 511 (1984), we announced:

> There are ordinarily no eye witnesses to an act of arson because the deliberate burning of an insured building by its owner is usually accomplished alone and in secret. Any material fact in issue, however, may be established by circumstantial evidence even though the testimony of other witnesses may be undisputed. The fact that evidence is circumstantial does not render it insubstantial as our law makes no distinction between direct evidence of a fact and circumstances from which it might be inferred. The circumstances may be such that different minds can reasonably draw different conclusions from them without resort to speculation. Where there are facts and circumstances in evidence from which reasonable minds might reach different conclusions without resort to speculation the matter is an issue of fact which must be submitted to the jury for its determination.

*Id.* at 292, 669 S.W.2d at 513 (citation omitted).

In the case at bar, there was circumstantial evidence giving rise to a jury question. Evidence was presented to show that, despite the fact that Mr. Voyles had inherited $80,000 and a home, his financial situation was declining and he owed more than $6000 in gambling debts. Moreover, there were no signs of forced entry into the house, and there was evidence that it was started by an accelerant and made to look like an accident. A jury could infer that Mr. Voyles had a motive for burning the house and there is nothing in the record to disclose that anyone else did. *See Haynes v. Farm Bureau Mut. Ins. Co. of Arkansas, supra.* From our review of the evidence in the light most favorable to the appellant, we hold that there was substantial evidence capable of supporting a jury verdict in its favor, and thus that the trial court erroneously granted Mr. Voyles's directed-verdict motion.

Allstate next argues that the trial court erred in excluding evidence of the prior fire. In 1989, a building belonging to Mr. Voyles and his mother was destroyed by fire, and the insurance company covering the property denied their claim on the grounds that the fire was intentionally set by or at the direction of the insureds. The claim was litigated, and a jury returned a verdict in favor of the insurance company. The trial court refused to permit Allstate to introduce evidence of the 1989 fire, reasoning that it was too remote in time and that any probative value was substantially outweighed by the danger of unfair prejudice.

■ Where the issue is whether a fire was deliberately set to claim insurance, evidence of other fires may be relevant to show motive, intent, absence of mistake, or accident, but the trial court must decide whether the probative value of such relevant evidence outweighs the harm that its introduction might cause. Ark. R. Evid. 403 and 404(b); *Johnson v. The Truck Ins. Exchange*, 285 Ark. 470, 688 S.W.2d 728 (1985). Allstate submits that, since insurance coverage was successfully denied for the 1989 fire, evidence of that matter was relevant and tended to establish Mr. Voyles's motive and intent to cause the 1997 fire. Allstate further argues that Mr. Voyles opened the door to admission of this evidence when, on direct examination, he stated that he did not have anything to hide.

■ Questions regarding the admissibility of evidence are matters entirely within the trial court's discretion, and such matters will not be reversed absent an abuse of discretion. *J.E. Merit Constructors, Inc. v. Cooper*, 345 Ark. 136, 44 S.W.3d 336 (2001). We hold that the trial court did not abuse its discretion in excluding evidence of the 1989 fire.

■■ In cases of arson, a history of other fires is admissible if not too remote in time or dissimilar in circumstances. *Johnson v. Truck Ins. Exchange, supra.* In *Johnson*, the supreme court affirmed the admission of evidence of prior fires where the insured had suffered four major fires within five years, at least three of which were insured against loss by fire. However, in the instant case there was only one previous fire; it occurred more than eight years before the 1997 fire; and although Mr. Voyles's insurance claim was denied, there was no other evidence tending to show that he caused the previous fire. Although Allstate makes much of the fact that both fires occurred at night and both occurred relatively soon after Mr. Voyles acquired each structure, these similarities were not so unique as to require the trial court to allow evidence of the first fire. As for Mr. Voyles's testimony that he had nothing to hide, we think the trial court properly found that this did not open the door because it was evident that he was referring only to the 1997 fire, and not the 1989 fire.

■ Allstate's remaining argument is that the trial court erred in excluding evidence of Mr. Voyles's misrepresentation regarding the previous fire. An Allstate insurance representative took a statement from Mr. Voyles by telephone on December 10, 1997. Mr. Voyles answered "no, sir" to the question, "[H]ave you ever been involved in a lawsuit as a plaintiff or a defendant with an insurance company." Allstate asserts that this misrepresentation was material and

relevant to its investigation and defense of misrepresentations after the loss, and further relevant to show motive. Under Arkansas law, a fact or circumstance is material if it pertains to facts that are relevant to the insurer's rights to decide upon its obligations and to protect itself against false claims. *See Willis v. State Farm Fire & Casualty Co.*, 219 F.3d 715 (8th Cir. 2000). Allstate argues that the trial court should have permitted Mr. Voyles's misrepresentation to be considered by the jury.

We hold that there was no abuse of discretion in the trial court's decision to exclude the misrepresentation because it was not material. In *Willis v. State Farm Fire & Casualty Co., supra,* the misrepresentations related to the fire that was under investigation, whereas in the present case the statement pertained to a different fire and litigation that occurred years earlier. The misrepresentation did not significantly affect Allstate's investigation or defense of the claim, and the trial court correctly found that the prior fire was too remote in time to establish motive or intent. There was no error in the trial court's ruling in this regard.

We agree with Allstate's argument that the trial court erred in directing a verdict against it, and we reverse on that basis. We reject Allstate's remaining arguments that pertain to the admissibility of evidence.

Finally, we address the appellee's request for costs pursuant to Arkansas Supreme Court Rule 6-7, and attorney's fees pursuant to Ark. Code. Ann. § 23-79-208 (Repl. 1999). Because the appellee has not prevailed on appeal, his requests are denied.

Reversed and remanded.

NEAL and BAKER, JJ., agree.